UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

KIRK ALLEN VOELKER,                                    Civil No. 05-2126 (DWF/JJG)

                  Plaintiff,

         v.                                            **REPORT AND RECOMMENDATION**

STEELE COUNTY EMPLOYEES,
Prosecutor SCOTT SCHREINER,
Judge JOSEPH BERTEL, Deputy
Sheriff YOUNGQUIST, and
Medford Mayor DAN KAISER,

                  Defendants.

_____

        This matter is before the undersigned United States Magistrate Judge on Plaintiff's

"Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is

seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915.  The

matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636

and Local Rule 72.1.  For the reasons discussed below, it is recommended that Plaintiff's IFP

application be denied, and that this action be dismissed without prejudice.

        Plaintiff, an inmate at the Minnesota Correctional Facility at Rush City, Minnesota,

commenced this action by filing a self-styled complaint seeking relief for alleged violations of

his federal constitutional rights.  He did not pay the normal filing fee required by 28 U.S.C. §

1914, but instead applied for leave to proceed IFP.  Plaintiff's IFP application was previously

reviewed by Magistrate Judge Susan Richard Nelson,[1] who noted that (i) the application was

_____

        [1]  This case was originally assigned to Magistrate Judge Nelson, but the case was re-
assigned to the undersigned Magistrate Judge on October 13, 2005.

incomplete because it did not include the certified prisoner trust account information that is required by 28 U.S.C. § 1915(a)(2), and (ii) Plaintiff had not paid the initial partial filing fee that is required in prisoner IFP matters, pursuant to 28 U.S.C. § 1915(b)(1).

Both of Plaintiff's omissions were called to his attention by Magistrate Judge Nelson's order of September 16, 2005.  (Docket No. 3.)  That order gave Plaintiff thirty (30) days to cure the two defects in his original request for IFP status by submitting both (a) a new IFP application that included the requisite certified trust account information, and (b) the initial partial filing fee prescribed by § 1915(b)(1).  The order expressly advised Plaintiff that his case would be subject to summary dismissal, unless he complied with both of those requirements within the time allowed.

The deadline for satisfying the requirements of the prior order has now expired.  To date, however, Plaintiff has not submitted either an amended IFP application or an initial partial filing fee.  Plaintiff has submitted a document entitled "Motion to Proceed Without Cost Pursuant To Minn. Const. Art. I, § 8," (Docket No. 4), but that submission is clearly inadequate, as it does not provide the certified trust account information required by 28 U.S.C. § 1915(a).[2] In addition, Plaintiff has not tendered the initial partial filing fee required by 28 U.S.C. § 1915(b)(1).  Thus, the Court finds that Plaintiff has not complied with either of the two requirements imposed by Magistrate Judge Nelson's prior order.

Based on the express warning regarding the consequences that would follow if Plaintiff

---

[2]  Plaintiff's reference to the Minnesota State Constitution is anomalous, as he chose to bring this action in federal court, and the action is therefore governed by federal procedural law.

failed to comply with the requirements of Magistrate Judge Nelson's prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be summarily dismissed without prejudice. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders).  See also In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be **DENIED**;

2.  Plaintiff's "Motion To Proceed Without Cost Pursuant To Minn. Const. Art. I, § 8," (Docket No. 4), be **DENIED**; and

3.  This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: October 24, 2005

s/Jeanne J. Graham
_____

3

JEANNE J. GRAHAM
United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by November 10, 2005. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.